

FILED
2013 JUL 16 PM 2:40

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT **1:13CR339** |
| Plaintiff, ) | |
| ) | CASE NO. _____ **JUDGE PEARSON** |
| v. ) | Title 18, United States Code, |
| ) | Sections 2, 371, 641, 1512(b)(1), |
| JORDIE L. CALLAHAN, ) | (b)(3), and (c)(2), and 1589(a) and |
| JESSICA L. HUNT, and ) | (d); Title 21, United States Code, |
| DEZERAH L. SILSBY, ) | Sections 843(a)(3) and (d)(1) |
| ) | |
| Defendants. ) | |

COUNT 1
(Conspiracy to Violate Laws)

The Grand Jury charges:

1. From in or around August 2010, and continuing through in or around October 2012, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, and elsewhere, defendants JORDIE L. CALLAHAN JESSICA L. HUNT, and DEZERAH L. SILSBY, along with Daniel J. Brown, III, (a co-conspirator not charged in this indictment), and others known and unknown to the Grand Jury, did intentionally and knowingly conspire, combine, confederate and agree to commit certain offenses against the United States, specifically:

i. To hold S.E. in a condition of forced labor and involuntary servitude and to knowingly obtain the labor and services of S.E.:

(a) by means of force, threats of force, physical restraint, and threats of physical restraint to S.E. and her juvenile child, B.E.;

(b) by means of serious harm and threats of serious harm to S.E. and B.E.;

(c) by means of the abuse and threatened abuse of law and legal process; and

(d) by means of a scheme, plan and pattern intended to cause S.E. to believe that, if S.E. did not perform such labor and services, S.E. and B.E. would suffer serious harm and physical restraint, in violation of Title 18, United States Code, Section 1589(a) and (d).

ii. To embezzle, steal, purloin, and knowingly convert to their use and the use of others, property and things of value of the United States or an agency thereof, to wit: S.E.'s federally-funded benefits, in an amount exceeding $1,000.00, in violation of Title 18, United States Code, Section 641;

iii. To acquire and obtain possession of a mixture and substance containing hydrocodone, also known as Vicodin, a Schedule III controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Sections 843(a)(3) and (d)(1).

<u>Manner and Means of Conspiracy</u>

2. It was part of the conspiracy that JORDIE L. CALLAHAN and JESSICA L. HUNT (partners and co-habitants at a residence in Ashland, Ohio known to the Grand Jury) targeted and recruited S.E. and B.E. to move into their two-bedroom apartment, knowing that S.E. suffered from a cognitive disability and that S.E. and B.E. received monthly public assistance payments.

3. It was part of the conspiracy that JORDIE L. CALLAHAN and JESSICA L. HUNT confiscated and took possession of S.E.'s public benefits cards, which held public benefits for both S.E. and B.E., their sole source of income, so that S.E. did not have a way to pay for her and B.E.'s food, clothing, and other daily living necessities.

4. It was part of the conspiracy that JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to give them the PIN ("Personal Identification Number") for S.E.'s public assistance card, which held benefits for S.E. and B.E., and then used this card for their own benefit and the benefit of their family and friends.

5. It was part of the conspiracy that, on multiple occasions, JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, along with Daniel J. Brown, III, inflicted serious physical harm on S.E., including punching her in the face, slamming her hand in a door, kicking her in the hip, and smashing her hand with a rock with such force that S.E. would need to seek medical treatment and would receive prescriptions for narcotic pain medication, such as Vicodin, to cope with the pain.

6. It was part of the conspiracy that JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, along with Daniel J. Brown, III, deprived S.E. of the medication she had been prescribed to cope with the pain resulting from the severe injuries they inflicted, and forced S.E. to give them the pain pills and prescriptions to satisfy their personal cravings for narcotic drugs.

7. It was part of the conspiracy that JORDIE L. CALLAHAN and JESSICA L. HUNT threatened S.E. and B.E. with serious physical harm, including death, if S.E. did not clean up the apartment; care for their numerous pit bull dogs, snakes, and other reptiles; purchase items at the store; and perform other labor and services ordered by the conspirators.

8. It was part of the conspiracy that JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, along with Daniel J. Brown, III, used a combination of violence, threats, humiliation, sexual assault, deprivation, and monitoring to establish a pattern of domination and control over S.E. and B.E., to create a climate of a fear and helplessness that would compel S.E.'s compliance with the conspirators' orders, and isolate S.E. and B.E. from anyone who might intervene to protect them from the conspirators and expose the conspirators' unlawful acts.

## Overt Acts

In furtherance of this conspiracy, and to accomplish its objectives, at least one of the conspirators committed, and caused to be committed, at least one of the following overt acts, among others, within the Northern District of Ohio, Eastern Division, and elsewhere:

9. In or around August 2010, JORDIE L. CALLAHAN and JESSICA L. HUNT targeted and recruited S.E. and B.E. to move into their two-bedroom apartment in Ashland, Ohio.

10. Between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, along with Daniel J. Brown, III, held S.E. in a condition of forced labor and obtained the labor and services of S.E. by inflicting serious harm on S.E. and B.E.; by threats of serious harm and physical restraint against S.E. and B.E.; and by threats that S.E.'s child, B.E., would be taken away from S.E. if S.E. fled or failed to perform the labor and services as ordered.

11. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT threatened S.E. and B.E. with serious physical harm, including death, if S.E. did not clean up the apartment, care for their numerous pit bull dogs, snakes, and other reptiles, purchase items at the store, and perform other

labor and services ordered by the conspirators. JORDIE L. CALLAHAN and JESSICA L. HUNT rarely paid and reimbursed S.E. for her labor and services and prevented S.E. from accessing her and B.E.'s public assistance benefits, which were their sole source of income.

12. Between in or around August 2010, and in or around October 2012, the exact dates unknown, JORDIE L. CALLAHAN pointed a firearm at S.E.'s head and threatened to kill S.E. if she did not perform the labor and services he and other conspirators commanded.

13. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN forced S.E. to engage in sexual acts with him in order to intimidate S.E., and threatened that he and JESSICA L. HUNT would kill S.E. if she told anyone about the forced sexual acts.

14. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT taunted and threatened S.E. and B.E. with their pit bull dogs and snakes.

15. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT caused S.E. and B.E. to sleep in unsanitary and unsafe conditions, including on the cement floor in an unfinished basement and in a bedroom with an un-caged iguana.

16. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT restricted S.E. and B.E.'s access to the bathroom and inflicted serious physical harm on S.E. and B.E. if they urinated or defecated on their clothing.

17. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT prevented S.E. and B.E. from eating regular and suitable meals.

18. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN, JESSICA L. HUNT, and other conspirators called S.E. and B.E. demeaning names and yelled and cursed at S.E. and B.E. in order to intimidate them and compel S.E.'s labor and services.

19. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT locked S.E. and B.E. in a room with a window that had been nailed shut and a door that had been locked from the outside.

20. Between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT demeaned and humiliated S.E. by forcing her to eat dog food and crawl on the floor while wearing a dog collar.

21. From in or around August 2010, to in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT used a video camera to monitor S.E.'s and B.E.'s activities and conversations in the apartment even when the conspirators were not in the same room as S.E. and B.E.

22. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to walk to the store to buy groceries, cigarettes, dog food and other items for JORDIE L. CALLAHAN, JESSICA L. HUNT, and JESSICA L. HUNT's four sons, and to pay for these purchases with S.E.'s public assistance card, which held benefits for S.E. and B.E. The conspirators allotted S.E. only a brief time period, which they strictly monitored, to complete the shopping services they ordered and

warned her that she was not allowed to speak with anyone while she was out. The conspirators frequently required B.E. to remain at the apartment with them while S.E. carried out the labor and services they commanded, and they threatened physical harm to S.E. and B.E. if S.E. broke any of their rules.

23. On multiple occasions between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT threatened to contact Ashland County Job and Family Services ("ACJFS") and have B.E. taken away from S.E. if S.E. purchased any items at the store other than those ordered by the conspirators and if she told anyone about the conspirators' unlawful conduct towards S.E. and B.E.

24. In or around June 2011, after S.E. and B.E. had attempted to flee from JORDIE L. CALLAHAN and JESSICA L. HUNT's apartment, JORDIE L. CALLAHAN and JESSICA L. HUNT ordered DEZERAH L. SILSBY and Daniel J. Brown, III to find S.E. and B.E. and bring them back to JORDIE L. CALLAHAN and JESSICA L. HUNT's apartment.

25. In or around June 2011, DEZERAH L. SILSBY and Daniel J. Brown, III, acting on orders from JORDIE L. CALLAHAN and JESSICA L. HUNT, tricked S.E. and B.E. into accompanying them in their vehicle by promising to take them to Dairy Queen, only to deposit S.E. and B.E. afterwards back at JORDIE L. CALLAHAN and JESSICA L. HUNT's apartment.

26. Between in or around June 2011, and in or around December 2011, JORDIE L. CALLAHAN, along with Daniel J. Brown, III, screwed and nailed shut the window in the area where S.E. and B.E. were being held.

27. On or about October 16, 2011, JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to spank B.E. while they captured a video recording of the staged spanking on JORDIE L. CALLAHAN's cell phone. JORDIE L. CALLAHAN and JESSICA L. HUNT

threatened to inflict much greater physical harm to S.E. and B.E. unless S.E. complied with their commands.

28. On or about October 25, 2011, JORDIE L. CALLAHAN ordered Daniel J. Brown, III to keep S.E. and B.E. away from the front windows of the apartment so that S.E. and B.E. would not be seen when a representative from ACJFS visited JORDIE L. CALLAHAN and JESSICA L. HUNT's apartment.

29. On or about November 26, 2011, JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to strike B.E. while they captured a video recording of the staged episode on JORDIE L. CALLAHAN's cell phone. JORDIE L. CALLAHAN and JESSICA L. HUNT threatened to have B.E. taken away from S.E. by showing the police a previously staged video (of S.E. being forced to spank B.E.) unless S.E. complied with their commands.

30. On multiple occasions between on or about October 16, 2011, and in or around October 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT threatened to release the staged videos of S.E. being forced to strike B.E. in order to secure S.E.'s compliance to the conspirators' commands and to isolate S.E. and B.E. from law enforcement and anyone else who might intervene to protect them from the conspirators and expose the conspirators' unlawful acts.

31. Between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, along with Daniel J. Brown, III, knowingly embezzled, stole, purloined, and converted to their own use and the use of others, property belonging to an agency of the United States, to wit: S.E.'s and B.E.'s federally-funded benefits.

32. In or around September 2010, JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to have S.E. and B.E.'s public assistance benefits issued on a debit card, rather than via a paper check.

33. In or around September 2010, JORDIE L. CALLAHAN and JESSICA L. HUNT took unlawful custody and control of S.E.'s public assistance benefit card, which held benefits for S.E. and B.E.

34. In or around September 2010, JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to give them the PIN for her public assistance card, which held benefits for S.E. and B.E., and then used this card for their own benefit and the benefit of their family and friends.

35. Between in or around August 2010, and in or around October 2012, JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, along with Daniel J. Brown, III, acquired and obtained possession of controlled substances by misrepresentation, fraud, forgery, deception, and subterfuge.

36. In or around August 2011, DEZERAH L. SILSBY, at the direction of JORDIE L. CALLAHAN and JESSICA L. HUNT, smashed S.E.'s hand with a rock with such force that S.E. needed to go to a hospital emergency room for treatment and was prescribed narcotic pain medication to cope with the pain.

37. In or around August 2011, JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, forced S.E. to give them the narcotic pain pills and the prescription for narcotic pain pills that she obtained after being treated at a hospital emergency room for the serious injury they had inflicted to her hand.

38. In or around December 2011, JORDIE L. CALLAHAN and JESSICA L. HUNT inflicted serious physical harm on S.E. by injuring S.E.'s back with such force that S.E. needed to obtain medical treatment and was prescribed narcotic pain medication to cope with the pain.

39. In or around December 2011, JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to give them the narcotic pain pills and the prescription for narcotic pain pills that S.E. received to cope with the pain from the serious injury they had inflicted to her back.

40. In or around March 2012, JORDIE L. CALLAHAN kicked S.E. in the hip with such force that S.E. needed to obtain medical treatment and was prescribed narcotic pain medication to cope with the pain.

41. In or around May 2012, JORDIE L. CALLAHAN and JESSICA L. HUNT forced S.E. to give them the narcotic pain pills and the prescription for narcotic pain pills that S.E. received to cope with pain from the serious injury they had inflicted to her hip.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
(Forced Labor)

The Grand Jury further charges:

1. The allegations set forth in paragraphs 2 through 41 of Count 1 are re-alleged herein.

2. From in or around August 2010, and continuing through in or around October 2012, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, aiding and abetting each other, did knowingly provide and obtain the labor and services of S.E., by means of force, threats of force, and physical restraint of S.E. and her juvenile child, B.E.; by means of serious harm and threats of serious harm to S.E. and B.E.; by means of the abuse and threatened abuse of

law and the legal process; and by means of a scheme, plan, and pattern intended to cause S.E. to believe that if S.E. did not perform such labor and services, S.E. and B.E. would suffer serious harm and physical restraint.

3. The conduct described herein involved kidnapping and attempts to kidnap S.E. and B.E.

4. The conduct described herein involved aggravated sexual abuse against S.E.

All in violation of Title 18, United States Code, Sections 1589(a) and (d), and 2.

## COUNT 3
### (Theft of Government Benefits)

The Grand Jury further charges:

1. The allegations set forth in paragraphs 2 through 41 of Count 1 are re-alleged herein.

2. From in or around August 2010, and continuing through in or around October 2012, in the Northern District of Ohio, Eastern Division, and elsewhere, defendants JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, and others known and unknown to the Grand Jury, did knowingly steal, purloin, and convert to their own use, and the use of others, property and things of value of the United States or an agency thereof, to wit: S.E. and B.E.'s federally-funded benefits, in an amount exceeding $1,000.00, in violation of Title 18, United States Code, Section 641.

11

## COUNT 4
(Acquiring a Controlled Substance by Deception)

The Grand Jury further charges:

1. The allegations set forth in paragraphs 2 through 41 of Count 1 are re-alleged herein.

2. From in or around August 2010, and continuing through in or around October 2012, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Eastern Division, JORDIE L. CALLAHAN, JESSICA L. HUNT, and DEZERAH L. SILSBY, and others known and unknown to the Grand Jury, did knowingly and intentionally acquire and obtain possession of a mixture and substance containing hydrocodone, also known as Vicodin, a Schedule III controlled substance, by misrepresentation, fraud, forgery, deception, and subterfuge, in violation of Title 21, United States Code, Sections 843(a)(3) and (d)(1).

## COUNT 5
(Tampering With a Witness)

The Grand Jury further charges:

1. The allegations set forth in paragraphs 2 through 41 of Count 1 are re-alleged herein.

2. In or around May 2013, in the Northern District of Ohio, Eastern Division, defendants JORDIE L. CALLAHAN and JESSICA L. HUNT knowingly attempted to intimidate, threaten, and corruptly persuade another person, namely Witness-CW, with the intent to influence, delay and prevent the testimony of Witness-CW in an official proceeding, namely the Grand Jury's investigation of a forced labor conspiracy and other federal crimes, and hinder, delay, and prevent Witness-CW's communication to a law enforcement officer of information relating to the commission of a federal offense, namely, a violation of Title 18, United States

Code, Section 1589(a) and (d), and other federal crimes, and otherwise attempted to obstruct, influence, and impede an official proceeding, in violation of Title 18, United States Code, Sections 1512(b)(1), (b)(3), and (c)(2).

A TRUE BILL.

Original Document - - Signatures on file with the Clerk of Courts, pursuant to E-Government Act of 2002.