PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:13CR0339-1 and 2 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| JORDIE L. CALLAHAN, *et al.*, ) | |
| ) | **MEMORANDUM OF OPINION AND** |
| Defendants. ) | **ORDER** [Resolving ECF No. 59] |

Pending is the Government's Motion *in Limine* (ECF No. 59). The Government moves the Court, *in limine*, to: (1) permit the Government to introduce evidence of uncharged criminal activity of Defendant Jessica L. Hunt; (2) preclude Defendants from making improper forced labor nullification references; (3) preclude Defendants from presenting evidence and argument concerning Victim S.E.'s sexual behavior, outside of the instances when Defendant Jordie L. Callahan forced S.E. to engage in sexual conduct; (4) preclude Defendants from presenting any evidence regarding self-serving out-of-court statements; (5) preclude Defendants from presenting evidence and argument related to irrelevant defenses; (6) preclude Defendants from presenting evidence and argument regarding Government charging decisions; and (7) preclude Defendants from presenting evidence and argument concerning pretrial detention or potential sentences if convicted. The Court has been advised, having reviewed the record, the parties' briefs and the applicable law. The Court has also considered the oral arguments of counsel offered during the hearing held on the record on February 4, 2014.

(1:13CR0339-1 and 2)

### I.

The Government argues that the Court should permit the Government to introduce evidence of Defendant Jessica L. Hunt's criminal conduct not specifically charged in the Indictment (ECF No. 10).  During the final pretrial hearing, the Court granted the Government's oral motion to modify its request (ECF No. 59 at 2-8) that "other act" evidence regarding A.W. be modified from one seeking to admit this evidence *via* Rule of Evidence 404(b) to having given notice that the evidence may be used as rebuttal.  The Court granted the Government's oral motion.  The Government's counsel is hereby instructed to explicitly alert the Court before it attempts to present the evidence regarding A.W. to the jury.  No mention may be made of this evidence without first obtaining a ruling from the Court.

### II.

The Government argues that Defendants should be prohibited from making legally improper forced labor nullification references or arguments.  ECF No. 59 at 8.  Defendants charged with a §1589 offense are not uniformly prohibited from presenting evidence of the conditions under which the complainant was held, or the lack of attempts and/or opportunities to "escape."  It is the province of the jury to decide which facts have been proven, and what arguments based upon those facts deserve more weight.  Nevertheless, counsel are cautioned to avoid argument not grounded in good faith and on  firm legal and evidentiary bases.  The Government's blanket request is denied, in part, and without prejudice to it being resurrected, if appropriate, at trial.

(1:13CR0339-1 and 2)

### III.

The Government argues that Fed. R. Evid. 412(a)(1) prohibits Defendants from presenting evidence, eliciting testimony, or making arguments concerning Victim S.E.'s past sexual encounters.  ECF No. 59 at 17.  Rule 412 is clear.  There will be no admission of evidence of S.E.'s sexual past unless that evidence clearly fits within one of the exceptions listed in Rule 412 (b).  None of the examples offered by defense counsel during the final pretrial, including S.E.'s sexual encounters with persons other than Callahan and Hunt, fit within the Rule 412(b) exceptions.  No mention of S.E's sexual encounters (other than those allegedly had with Callahan) shall be made before the jury without first explicitly informing the Court of counsel's intention to do so and receiving a ruling from the Court.

### IV.

The Government argues that Defendants should be prohibited from presenting any evidence or eliciting testimony regarding self-serving, out-of-court statements.  ECF No. 59 at 18.  Defendants are prohibited from introducing their own out-of-court statements.  Those statements are inadmissable hearsay.  The rule of completeness is no exception to this rule.  Prior to trial, counsel shall consult and attempt to agree to enlarge the planned presentation of evidence when it is necessary to convey a matter completely and accurately.

### V.

The Government argues that Defendants should not be permitted to present evidence or argument related to irrelevant defenses.  ECF No. 59 at 20.  Defendants are prohibited from attempting to improperly admit evidence of law abidingness or character at trial.  (*See also*

3

(1:13CR0339-1 and 2)

ruling, *supra*, prohibiting the Government from admitting other act evidence without the Court's permission.)  Relevant evidence of character and law abidingness may be admitted *via* reputation or opinion evidence.

## VI.

The Government argues that Defendants should be prohibited from presenting argument or eliciting testimony regarding Government charging decisions.  ECF No. 59 at 24.  All counsel are prohibited from eliciting testimony about the charges that were previously filed in state court against the Defendants and from making any argument that the charges in this case are more "appropriate" for the state criminal justice system. Such evidence is irrelevant and would only serve to confuse and mislead the jury and waste the Court's time.

## VII.

Finally, the Government argues that Defendants should be prohibited from presenting evidence and argument concerning pretrial detention or potential sentences if convicted.  ECF No. 59 at 25.  Defense counsel shall be provided all promises or benefits promised to cooperating witnesses, including  plea agreements.  Defense counsel may use this information to cross examine the cooperating witnesses.  An attorney's attempt, however, to instruct a jury of its power to nullify by any means, including arguing the severity of the punishment to the jury, is improper and will not be tolerated.  *See United States v. Manning*, 79 F.3d 212, 219 (1st Cir. 1996).  Defense counsel may not during an examination, opening statement or argument allude to the sentence that may be imposed if a defendant is convicted.  That obligation is exclusively

4

(1:13CR0339-1 and 2)

borne by the Court, if a verdict of guilty is returned. All counsel are advised to avoid this sanctionable conduct.

### VIII.

Accordingly, the Government's Motion *in Limine* (ECF No. 59) is granted in part, as explained herein.

IT IS SO ORDERED.

| | |
|---|---|
| February 7, 2014 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |